# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0067, <u>State of New Hampshire v. Odessa Lemieux</u>, the court on December 14, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Odessa Lemieux, was convicted in Superior Court (<u>Kissinger</u>, J.) of endangering the welfare of a child. <u>See</u> RSA 639:3, I (2016). On appeal, she argues that the evidence was insufficient to support her conviction. We affirm.

The complaint charged the defendant with knowingly endangering the welfare of four children under the age of 18 years "by purposely violating a duty of care, protection and support she owes to such children as their mother, by restraining the children in their bedrooms for multiple hours at night by using a tether implement around the door knob and wrapped around nails so that they were restrained in their rooms with no means of a safe escape." At trial, one of the children, M, testified that she and the other three children lived in a two-story house with the defendant and Tailor Lemieux. The bedrooms of M and one other child were on the second floor. When asked to describe a typical day, M testified that when she awoke in the morning, she was unable to leave her room until either the defendant or Tailor came to her room. She explained that the defendant and Tailor tied the doors to the children's bedrooms so that the children could not get out of their rooms, and testified that when she tried to open her bedroom door, she was unable to do so. If she needed to use the bathroom at night, she was unable to do so, which resulted in having "accidents" in her bed. If a child had an accident during the night in bed, then the child would be deprived of dinner. M also testified that the children were given breakfast but were not given lunch.

The question presented on appeal is whether the evidence was sufficient to sustain a guilty verdict. The defendant argues that the evidence was insufficient to prove beyond a reasonable doubt: (1) that she created an actual and significant risk of injury; (2) that any of the children were regularly or routinely restrained with a purpose to violate the defendant's parental duty of care; and (3) that the children's bedroom doors were locked in the manner alleged in the complaint — that is, "by using a tether implement around the door knob and wrapped around nails."

The State contends that the defendant failed to preserve her issues for our review. At the close of the State's case, the following colloquy occurred:

> THE COURT: So do you have a motion?
> [DEFENSE COUNSEL]: Your Honor, I suppose I should.
> THE COURT: Are you moving to dismiss the charges?
> [DEFENSE COUNSEL]: I am.
> THE COURT: I'm going to deny the motion. I find that given the evidence and the weight most favorable to the State, the State has met its burden throughout each of the elements . . . .

The defendant argues that because her counsel moved to dismiss at the close of the State's case, a motion that the trial court clearly understood as seeking dismissal for insufficiency of the evidence, she has preserved her insufficiency arguments for our review. Because we ultimately rule in the State's favor, for purposes of this appeal, we will assume, without deciding, that the defendant's sufficiency of the evidence arguments are properly before us. See State v. Mackenzie, 175 N.H. 87, 91 (2022).

This assumption, however, does not require us to address the defendant's third argument — that the evidence was insufficient to prove that the children's bedroom doors were locked in the manner alleged in the complaint — because the means by which the children's bedroom doors were prevented from being opened is not an element of the offense. RSA 639:3, I, provides, in pertinent part:

> A person is guilty of endangering the welfare of a child . . . if he knowingly endangers the welfare of a child under 18 years of age . . . by purposely violating a duty of care, protection or support he owes to such child . . . , or by inducing such child . . . to engage in conduct that endangers his health or safety.

Consistently with this statute, the trial court instructed the jury, in relevant part, as follows:

> The Defendant is charged with one count of endangering the welfare of a child . . . . This offense has three parts or elements. The State must prove each element beyond a reasonable doubt.
>
> Thus, the State must prove that: One, the Defendant owed a duty of care, protection, or support to children under 18 years of age. Two, the Defendant . . . purposely violated this duty of care, protection, or support by restraining the children in their bedrooms for multiple hours at night with no means of safe escape. And three, by this conduct, the Defendant knowingly endangered the welfare of the children.

The defendant did not object to this instruction.

The jury was <u>not</u> instructed that it was required to find that the children's bedroom doors were locked in the manner alleged in the complaint — that is, "by using a tether implement around the door knob and wrapped around nails." Rather, the jury was instructed that it had to find that the children were restrained in their bedrooms. By not objecting to the jury instructions, the defendant has waived any argument that the State was required to prove that the restraint was caused "by using a tether implement around the door knob and wrapped around nails" as alleged in the complaint. See <u>State v. Santamaria</u>, 145 N.H. 138, 140-41 (2000). Because the defendant failed to preserve any argument that the State was <u>required</u> to prove the use of a tether implement as alleged in the complaint, we need not address her argument that the evidence was insufficient to prove that allegation.

We now turn to the defendant's first two sufficiency arguments. A challenge to the sufficiency of the evidence presents a question of law; our standard of review is therefore <u>de</u> <u>novo</u>. <u>State v. Cullen</u>, 175 N.H. 628, 630 (2023). To prevail upon this challenge, the defendant must prove that no rational trier of fact, viewing all of the evidence and all reasonable inferences drawn therefrom in the light most favorable to the State, could have found the essential elements of the offense beyond a reasonable doubt. <u>Id</u>.

In this case, when asked what a typical day was like for her, M testified that in the morning she would wait until the defendant or Tailor came to her bedroom. When asked whether she could get up and leave the room before that, she testified that she could not do so because they "tied the doors so we couldn't get out of our rooms." We agree with the State that by typically preventing the children from being able to leave their rooms when necessary during the night, the defendant put them at risk in case of fire or other emergency, and prevented them from going to the bathroom. After review of all of the evidence considered in the light most favorable to the State, we conclude that the evidence was sufficient to support a finding beyond a reasonable doubt that the defendant purposely violated a duty of care to the children, thereby knowingly endangering their health or safety.

<u>Affirmed</u>.

MACDONALD, C.J., and BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred; HICKS, J., sat for oral argument but did not participate in the final vote, <u>see</u> N.H. CONST. pt. II, art. 78.

<b>Timothy A. Gudas,<br>Clerk</b>